ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.*
This attorney disciplinary proceeding arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Bernard Jack Usprich, an attorney licensed to practice law in Louisiana. The charges allege respondent violated Rules 1.3 (lack of due diligence), 1.4 (failure to comply with reasonable requests for information), 1.5(f)(6) (failure to return undisputed portion of fee and keep disputed portion in trust account), 1.15(b) (failure to refund and account for client funds), 1.16(d) (failure to protect client interests upon termination of representation), 3.4(e) (knowing disobeyance of an obligation under the rules of a tribunal), 8.4(a) (violating Rules of Professional Conduct) and 8.4(c) (conduct involving fraud, deceit, dishonesty or misrepresentation) of the Rules of Professional Conduct.
UNDERLYING FACTS
The record indicates that in October, 1995, Mrs. Mary Smith retained respondent to review the federal criminal trial record of her nephew, Reginald White, and to investigate the feasibility of filing a “Section 2255 Motion” and/or writ application on behalf of Mr. White. Mrs. Smith paid respondent an initial retainer fee of $750 and subsequently paid a fee of $1,000 for respondent to pursue the matter. Additionally, Mrs. Smith paid respondent a retainer of $250 to represent her in connection with the removal of a lien against property owned by her father, paying a retainer of $250.
Despite repeated requests by Mrs. Smith, respondent failed to undertake substantive efforts to pursue either matter. Subsequent investigation revealed respondent failed to deposit the fees he received from Mrs. Smith into a client trust account.
^DISCIPLINARY PROCEEDINGS
After Mrs. Smith filed her complaint, the ODC served respondent with a subpoena, ordering him to appear and testify in connection with the investigation. Respondent failed to appear, but instead faked a letter to the ODC indicating he “would be happy to remit to Mrs. Smith a refund of monies not used in my representation.” Thereafter, respondent issued a check to Mrs. Smith, drawn on his “special account” in the amount of $1,250.
On September 19, 1996, ODC filed formal charges against respondent based on his actions in connection with his representation of Mrs. Smith, and his failure to cooperate with the subsequent disciplinary investigation. Respondent failed to file an .answer to the charges. Accordingly, no formal hearing was *854 conduct, and the matter was submitted the matter to a hearing committee on the written record.
On April 16, 1997, the hearing committee filed its findings and recommendation with the disciplinary board. The hearing committee concluded respondent clearly violated the duties owed to his client and his actions constitute knowing and intentional misbehavior. It pointed out Mrs. Smith was deprived of $1,250 for a period of nine months, and found respondent’s failure to reply to formal charges constituted bad. faith obstruction of the investigation.
As a sanction, the committee recommended respondent be suspended from the practice of law for a period of two years, subject to certain conditions.[1]
On March 13, 1998, the disciplinary board issued its ^recommendation.[2] The board agreed with the hearing committee’s findings that respondent violated his duty to his client, noting respondent refused to acknowledge the wrongful nature of his conduct and deprived Mrs. Smith of $1,250 for nine months. Relying on Standard 4.2 of the A.B.A. Standards for Imposing Lawyer Discipline, the board noted that suspension is generally appropriate when a lawyer knowingly fails to perform a service or engages in a pattern of neglect and causes injury to a client. The board found several aggravating factors,[3] and found the only mitigating was lack of a prior disciplinary record.[4] Considering all these factors, the board recommended respondent be suspended from the practice of law for a period of six months, followed by a period of probation for one year, subject to certain conditions.[5]
|/The ODC filed an objection to the leniency of the disciplinary board’s recommendation. Respondent filed an objection to the board’s findings and the severity of the proposed sanctions. Pursuant to Supreme Court Rule XIX, § 11(G)(1)(b), the matter was docketed for oral argument.
.CONCLUSION
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the rec *855 ord, briefs and oral argument, it is the decision of this court that the recommendation of the disciplinary board be adopted. Accordingly, it is ordered that respondent, Bernard Jack Usprich, be suspended from the practice of law for a period of six months, followed by a one year period of supervised probation under the conditions recommended by the disciplinary board. All costs of these proceedings are assessed against respondent.

 Lemmon, J. not on panel. Rule IV, Part 2, § 3.

. The committee recommended respondent be required to write a formal letter of apology to Mrs. Smith, submit a full and complete accounting to Mrs. Smith, make full and complete restitution of any unearned portion of the fee collected and to pay interest to Mrs. Smith on the $1,250 improperly retained for a full calendar year at the legal interest rate. The committee also recommended that prior to reinstatement, respondent be required to complete fourteen hours of continuing legal education, in the field of criminal law and procedure and six hours of continuing legal education on the management for sole practitioners or small law firms in addition to those hours required for mandatory continuing legal education.

. Respondent appeared before the disciplinary board panel, arguing that in twenty-eight years of legal practice, this is the first time disciplinary proceedings had been filed against him. He also stated he was suffering from major depression and was "in denial” óver the disciplinary charges. • ■'

. The board recognized- the following aggravating factors: (1) dishonest or selfish motive; (2) bad faith obstruction of this disciplinary proceeding by intentionally failing to comply with the disciplinary rules; (3) refusal - to acknowledge wrongful nature of conduct; and (4) substantial experience in the practice of law.

. Although respondent has not been previously suspended, he has been deemed ineligible to practice on two previous occasions for failure to pay his bar dues in September 1995 and October 1995.

. As conditions, the board recommended that respondent:
(1) Furnish satisfactory proof to both ODC and the board that he maintains a clearly identifiable client trust account as required by Rule XIX, § 28A(1);.
(2) Provide an accounting of the $1,750.00 in fees retained by respondent to Mrs. Smith, ODC and the board and refund any unearned fees to Mrs. Smith;
(3) Write a formal letter of apology to Mrs. Smith
(4) Pay interest to Mrs. Smith on the $ 1,250.00 improperly retained for a full calendar year at the legal rate of interest and any additional portion of unearned fees returned to Mrs. Smith under the accounting;
(5) Pay all bar dues in a timely manner;
(6) Complete an extra twenty hours of CLE in addition to the MCLE as required for the. years 1997 and 1998, fourteen of those additional hours to be in criminal law and procedure and six of the additional hours to be in law office management for solo and small law firms. Proof of compliance shall be filed with both ODC and the board!